[Docket No. 18]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| YOLYEMAL H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil No. 20-19755 (RMB) <br><br> **OPINION** |

**APPEARANCES**
Adrienne Freya Jarvis
800 North Kings Highway, Suite 304
Cherry Hill, New Jersey 08034

    *On behalf of Plaintiff*

Allison Granger
Social Security Administration
300 Spring Garden Street, Sixth Floor
Philadelphia, PA 19123

    *On behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge**

    This matter comes before the Court upon the Motion to Remand filed by the Commissioner of Social Security. [Docket No. 18.] Plaintiff Yolyemal H. opposes the Motion. [Docket No. 19.] For the reasons expressed herein, the Court will grant the Motion to Remand.

I.  **BACKGROUND**

In April 2018, Plaintiff Yolyemal H. ("Plaintiff") applied for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act") for disability, which was denied at both the initial and reconsideration levels of review. [R. at 10.] Plaintiff then requested a hearing in front of an administrative law judge ("ALJ"). [*Id.*] The hearing was held on November 21, 2019, and the decision finding Plaintiff not to be disabled was issued on January 17, 2020. [*See* R. at 10–22.] Review of the decision was denied by the Appeals Council and Plaintiff appealed to this Court. [R. at 1–3; Docket No. 1.]

On appeal, Plaintiff argues that the ALJ (1) failed to provide legally sufficient reasons for rejecting the findings of the non-examining State-agency psychologists regarding his ability to follow one- and two-step directions and (2) improperly considered the medical opinion of the treating pulmonologist. [Docket No. 13, at 7, 12.] Plaintiff requests remand for a rehearing to address the harmful errors. [*Id.* at 16.]

The Commissioner filed a Contested Motion to Remand on November 30, 2021, along with a proposed order and proposed judgment order. [Docket No. 18; Docket No. 18-1.] In the Motion, the Commissioner concedes that additional evaluation of the claim is warranted in order to determine whether Plaintiff is disabled under the Act. [Docket No. 18-1, at 3–5.] Specifically, the Commissioner concedes Plaintiff's second argument—that the ALJ's consideration of the medical opinion of the treating pulmonologist both misstated the results of relevant medical

studies and failed to comply with revised regulations relating to evaluating medical opinions. [*Id.*] Relying on *Zeid v. Astrue*, the Commissioner suggests that remand is necessary to determine whether Plaintiff is disabled under the Act. *Zied v. Astrue*, 347 Fed. App'x 862, 865 (3d Cir. 2009) ("When an ALJ does not address all of the evidence of record, the appropriate action is to remand for further proceedings, as a District Court has no fact-finding role in reviewing social security disability cases."). However, the Commissioner does not concede Plaintiff's first argument. The parties disagree about the effect of remanding solely on the second issue in terms of whether Plaintiff will be permitted, on remand, to raise the first issue as well.

    The Commissioner contends that its proposed order is sufficient to facilitate review of other issues of concern to Plaintiff. [Docket No. 18-1, at 4.] Relying on the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX"), the Commissioner suggests that, on remand, decisions of ALJs are generally vacated and pertinent issues are reviewed *de novo*. *See Rockriver v. Colvin*, No. 15-811, 2016 U.S. Dist. LEXIS 141121, at *3 (M.D.N.C. Oct. 12, 2016) (addressing a plaintiff's request for a more detailed remand order than that proposed by the Commissioner by stating "there is no need to resolve or address the additional issues raised by Plaintiff, since all of those issues can be raised and further considered on remand."). Thus, the Commissioner asserts that further administrative proceedings will provide sufficient opportunity for Plaintiff to raise additional issues related to his claim and requests entry of final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. [Docket No. 18-1, at 4–5.]

3

Plaintiff filed his Response to the Defendant's Contested Motion on December 20, 2021. [Docket No. 19.] Plaintiff opposes the Motion, despite the Commissioner conceding error as to the treatment of the medical opinion of the treating pulmonologist, because he believes the limited remand order may preclude substantive reconsideration of issues raised in his initial appeal relating to the non-examining State-agency psychologists. [*Id.*] Plaintiff requests that the decision of the ALJ be remanded for a new hearing specifically for correction of errors related to the two distinct issues Plaintiff had raised in his original request for relief.

Plaintiff also contends that, in failing to respond to both alleged errors in a responsive brief as required under Local Rule 9.1(e)(2), the Commissioner has waived any defense regarding Plaintiff's allegation that the ALJ erred in rejecting the findings of the non-examining State-agency psychologists. [*Id.* at 2–3.] Plaintiff relies on *Marques v. Colvin*, in which the Commissioner's failure to challenge or respond to a claim in the defendant's amended motion resulted in waiver of that count in a motion to dismiss. *Marques v. Colvin*, No. 16-04961, 2021 U.S. Dist. LEXIS 63266, at *18 (D.N.J. Mar. 31, 2021). The Court rejects this argument and notes that in *Marques*, the Court was deciding a Motion to Dismiss and noted that "[t]he failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in waiver of that count." Id. (quoting *Griglak v. CTX Mortg. Co., LLC*, No. 09-5247, 2010 U.S. Dist. LEXIS 34941, at *3 (D.N.J. Apr. 8, 2010)). That circumstance is not present in this case and, in any event, this Court is concluding that Plaintiff may raise both of his arguments on remand, so a finding that the

4

Commissioner waived one of those arguments is superfluous.

In response to the Commissioner's assertion that the ALJ would have the ability to consider any issues relevant to Plaintiff's case, Plaintiff argues that the Commissioner's position is misleading because the proposed order lacks any mandate of such reconsideration or to adjudicate all issues *de novo*. [Docket No. 19, at 3–4.]  Relying on a comment accompanying the codification of 20 C.F.R. § 404.983 in 1989, Plaintiff argues that court remand orders that only specify reconsideration of a particular issue may limit the breadth of the reviewable issues on remand. [*Id.* at 4.] Plaintiff expresses similar concerns regarding reliance on the language of the HALLEX, which limits *de novo* review to all pertinent issues, and the language in the Commissioner's motion, which expressly provides for a **new** decision rather than ***de novo*** readjudication of his claims. [*Id.* at 6.] Plaintiff is concerned that this failure to use the precise, technical language is an attempt to avoid a comprehensive review. *See Anthony L. v. Berryhill*, No. 17-6698, 2019 U.S. Dist. LEXIS 50126, at \*22 (N.D. Ill. Mar. 26, 2019) (defining *de novo* decision). Plaintiff expresses additional concern that an Appeals Council Remand Order may not be subject to judicial review. [Docket No. 19, at 7–8.] For that reason, without a specific order to correct both alleged errors in the original decision, Plaintiff claims the Commissioner's proposed relief is illusory. *See Pearson v. Colvin*, No. 14-4666, 2015 U.S. Dist. LEXIS 173042, at \*14 (D.N.J. Dec. 30. 2015) (explaining that 42 U.S.C § 405(g) does not grant the district court authority to review intermediate

agency actions).

The Commissioner filed a reply brief on December 23, 2021, disputing any waiver of the issues raised in Plaintiff's initial Complaint. [Docket No. 20.] Pointing to the language of Local Civil Rule 9.1(e)(6), which requires defendant's brief to contain "an argument responding to Plaintiff's argument; and . . . a short conclusion stating the relief sought," the Commission argues the Motion for Remand sufficiently addressed the primary contention to remand and, therefore, any further elaboration would have been a waste of resources. [Docket No. 20, at 1.] The Commissioner additionally disputes the proposition that the proposed relief is illusory and contends that Plaintiff will have the opportunity to appeal the Commissioner's decision on remand if desired. [*Id.*] Reiterating the language of 20 C.F.R. § 404.983 and HALLEX 1-2-8-18, the Commissioner argues the entire ALJ decision will be vacated on remand and pertinent issues considered *de novo*, regardless of the inclusion of more specific language in the remand order. The Commissioner relies on two cases in which the defendant consented to remand but the plaintiff contested the language of the remand order; in both cases, the court declined to modify the proposed order, finding that the plaintiff would have adequate opportunity on remand to raise additional issues. *See Wilfredo M. v. Comm'r of Soc. Sec.*, No. 20-07212, 2021 U.S. Dist. LEXIS 232793, at *7–8 (D.N.J. Dec. 6, 2021); *Rockriver*, 2016 U.S. Dist. LEXIS 141121, at *1.

II.   **LEGAL STANDARD**

This is an unusual case. In general, when reviewing a final decision of an ALJ

6

with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 208 n.10 (3d Cir. 2019); *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence has been defined as "more than a mere scintilla," meaning "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (U.S. 2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In addition to the "substantial evidence" inquiry, the reviewing court must also determine whether the ALJ applied the correct legal standards. *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983). The Court's review of legal issues is plenary. *Mitton v. Comm'r of Soc. Sec.*, 670 Fed. App'x 754, 755 (3d Cir. 2016) (citing *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012)). However, in this case, both the Commissioner and Plaintiff support remand due to erroneous decisions by the ALJ. Conflict arises regarding the necessity of explicit instructions for review of both errors alleged by Plaintiff on remand.

Pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). When a case is remanded, the Appeals Council, on behalf of the Commissioner, may assume responsibility for a decision, dismiss the proceedings, or remand the case to an ALJ with instructions to issue a decision or return the case to the Appeals Council

with a recommended decision. 20 C.F.R. § 404.983.

The Social Security Administration's HALLEX provides that "[i]f the Appeals Council (AC) remands a case to the hearing level after a court remand, it generally vacates the entire administrative law judge (ALJ) decision, and the ALJ must consider all pertinent issues *de novo*." HALLEX § I-2-8-18. Courts may, in certain instances, remand for reconsideration of particular steps in the disability determination when there is no showing that a ruling for a prior step was erroneous. *Gomez v. Comm'r of Soc. Sec.*, No. 08-4499, 2009 U.S. Dist. LEXIS 62720, at *14–15 (D.N.J. July 21, 2009); *Butterfield v. Astrue*, No. 06-0603, 2010 U.S. Dist. LEXIS 109517, at *14–15 (E.D. Pa. Oct. 12, 2010). On appeal, the ALJ must "take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). When an ALJ or administrative appeals judge issues a decision following remand by a federal court for further consideration, such decision will become the final decision of the Commissioner. *Id.* § 404.984. Disagreements with the hearing decision issued pursuant to 20 C.F.R. § 404.983(c) may be appealed to the Appeals Council. *Id.*

### III. ANALYSIS

As noted by both Plaintiff and the Commissioner, remand is necessary due to the ALJ's erroneous consideration of the treating pulmonologist's medical opinion, which did not comply with the revised guidelines and misstated the results of pulmonary function studies. Therefore, the Court will grant the Motion to Remand.

8

Regarding Plaintiff's first argument—that the ALJ failed to provide legally sufficient reasons for rejecting the findings of the non-examining State-agency psychologists—the Court finds the approach taken by the court in *Wilfredo M. v. Commissioner of Social Security* instructive. *Wilfredo M. v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 232793, at *6. In *Wilfredo M.*, the court rejected the need for the court to "referee the scope of a voluntary remand order," and, therefore, declined to include the language requested by the plaintiff verbatim. *Id.* (quoting *Troy D. v. Comm'r of Soc. Sec.*, No. 17-235, 2018 U.S. Dist. LEXIS 179032, at *5 (D. Vt. Oct. 18, 2018)). Similarly, in *Rockriver v. Colvin*, the court found no reason to specifically address or resolve additional issues raised by the plaintiff, as all additional issues could be raised and considered pursuant to remand under sentence four of 42 U.S.C. § 405(g). *Rockriver*, 2016 U.S. Dist. LEXIS 141121, at *1. Therefore, this Court finds that remand will offer sufficient opportunity for further consideration of both issues raised by Plaintiff as both issues are pertinent to Plaintiff's case. HALLEX § I-2-8-18.

    Despite Plaintiff's concerns that the Commissioner's narrow proposed order may fail to sufficiently instruct review of the rejected findings, this Court believes the disputed results are pertinent to Plaintiff's SSI eligibility and, thus, subject to *de novo* review per HALLEX § I-2-8-18.[1] On remand, Plaintiff will be permitted to raise both issues that he raised in this appeal; and the Commissioner would be estopped to

---

[1] Even if remand may be limited to a particular issue for *de novo* review, the Court finds that the Commissioner has already consented to review of both issues raised by Plaintiff on remand. [*See* Docket No. 18.] *See also Gomez*, 2009 U.S. Dist. LEXIS 62720, at *18–19; *Butterfield*, 2010 U.S. Dist. LEXIS 109517, at *14–15.

object to Plaintiff raising such issues, for sure. Following remand to an ALJ or administrative appeals judge, Plaintiff may follow established procedures for appeal. *See* 20 C.F.R. § 404.984.

### IV. CONCLUSION

For the reasons outlined above, the Court will grant the Commissioner's Motion to Remand despite Plaintiff's opposition. An accompanying Order shall issue.

<u>March 25, 2022</u>                                  <u>s/Renée Marie Bumb</u>
Date                                                          Renée Marie Bumb
                                                                  United States District Judge